IN THE UNTIED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MORKITER JONES**                                                          **PLAINTIFF**

**VS.**                                            **CAUSE NO.:**   1:18cv193-MPM-DAS

**JARED BOOTH;**
**CITY OF COLUMBUS, MISSISSIPPI,**
**PARTICULARLY COLUMBUS POLICE**
**DEPARTMENT; and,**
**UNKNOWN DEFENDANTS A-Z**                                          **DEFENDANT(S)**

---

**COMPLAINT**
**JURY TRIAL DEMANDED**

---

**COMES NOW**, the Plaintiff, Morkiter Jones ("Plaintiff" or "Ms. Jones" or "Jones"), by

and through counsel, and files this her *Complaint* against the Defendants, Jared Booth ("Booth"),

City of Columbus, Mississippi ("City of Columbus" or "the City"), more particularly Columbus

Police Department ("CPD"), and Unkown Defendants A-Z.  For cause of action, Plaintiff would

show unto this Honorable Court as follows:

## NATURE OF THE ACTION

1.  This action arises from in incident in which Jared Booth, a police officer for Columbus

Police Department, shot and injured Morkitur Jones, an innocent bystander, when Officer Booth

discharged his weapon multiple times at a suspect on a city street outside a busy nightclub.

2.  This action is brought by the Plaintiff against Defendants, Jared Booth, City of

Columbus, Mississippi, more particularly Columbus Police Department, and Unkown

Defendants A-Z for use of excessive force resulting in the unlawful shooting of Jones, under the

color of law in violation of her individual rights under the First Amendment, Fourth Amendment,

Fifth Amendment, and/or Fourteenth Amendment of the United States Constitution and in

violation of her civil rights pursuant to 42 U.S.C. § 1983.

3.  Plaintiff alleges that the City of Columbus and Columbus Police Department failed to properly train, supervise, screen, discipline, transfer, counsel or otherwise control officers, specifically including Booth, who are known, or who should have been known, to engage in the use of excessive force and/or having demonstrated insensitivity toward racial minorities. The City and CPD had a duty, but failed to implement and/or enforce policies, practices and procedures for CPD that respected Jones' constitutional rights to peacably assemble, to assistance and protection, and/or to not be deprived of life, liberty or property without due process of law. The failure of the City and CPD to adequately supervise and discipline Defendant Booth, implement the necessary policies, and avoid the implementation of unconstitutional policies caused Jones' unwarranted personal injury and physical and mental anguish. Defendant Booth consciously disregarded the rights of Plaintiff, knowing that the City and CPD would approve and/or ratify his actions.

4.  Additionally and alternatively, Plaintiff asserts Defendants were negligent and/or grossly negligent in their conduct which caused her injuries, and she accordingly asserts a common law negligence and/or gross negligence claim under Miss. Code Ann. § 11-46-11, the Mississippi Tort Claims Act.

5.  Plaintiff seeks compensation for her damages from the causes of action set forth herein.

## THE PARTIES

6.  Plaintiff, Mortiker Jones, is an adult resident citizen of Lowndes County, Mississippi, whose address is 400 19th Street South, Columbus, Mississippi 39701.

7.  Upon information and belief, Defendant Jared Booth is an adult resident citizen of Lowndes County, Mississippi employed as a police officer by the City of Columbus.  He may be

served at his usual place of employment with the City, or wherever he may be found.

8.   Defendant, City of Columbus, Mississippi, more particularly the Columbus Police Department, is a municipality chartered within the State of Mississippi.  The City may be served with process by serving its Mayor, Robert E. Smith, Jr., in the manner prescribed by law at their office located at 523 Main Street, Columbus, Mississippi 39701.

9.   Unknown Defendants (A-Z), whether singular or plural, are those other persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to the injuries and damages to Plaintiff, and/or are vicariously liable for the acts of one or more of the other Defendants, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

10. Unless specifically referred to by name, as indicated in the preceding paragraphs, any reference hereafter to "Defendants" refers collectively to Booth, City of Columbus, CPD and Unknown Defendants A-Z including the agents, servants, public officials and employees of those Defendants acting within the scope of their employment and/or official capacity with those Defendants and for whom Defendants are liable under the law.

## JURISDICTION AND VENUE

11. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the First Amendment, Fourth Amendment, Fifth Amendment, and/or Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of rights, privileges and immunities guaranteed to Morkiter Jones by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Mississippi.

12. Venue is proper in this court because the causes of action occurred within the Northern District of Mississippi, and all parties to this action reside or are incorporated within the Northern District of Mississippi.

## NOTICE UNDER MISS. CODE ANN. § 11-46-11

13. Notice of the claims brought in this action was served upon the government entity defendant, City of Columbus, by certified mail on or about December 19, 2017, as required by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11, the proof of which is attached hereto as Exhibit "A." The statutory 90-day Notice Period has been satisfied as to the government entity Defendant.

## FACTS ASSERTED

14. At all relevant times to the allegations of this complaint, Jared Booth ("Officer Booth" or "Booth") was employed as a police officer by the City of Columbus.

15. This case arises from an incident near the intersection of 22nd Street and College Street, in Columbus, Mississippi shortly in the early morning of November 4, 2017.

## The Incident:

16. Between approximately 12:30 a.m. and 1:00 a.m., multiple police cars and members of CPD were in the area to monitor traffic as Premier Lounge – a popular establishment located at the corner of the intersection – was closing. Officer Booth was among the police officers present on the scene.

17. Raymond Davis ("Davis") and his cousin were walking from Premier Lounge north on 22nd Street toward Main Street where their car was parked. The two men struggled over a handgun that apparently belonged to the cousin but was being carried by Davis. As they struggled, a shot was discharged and Davis began running with the gun.

18. When Officer Booth heard the gunshot, he got out of his police car and saw Davis

running with the gun.

19. Booth ordered Davis to stop.

20. Davis complied with the officer's order, stopped and turned while still holding the gun.

21. Booth ordered Davis multiple times to drop the gun Davis was holding.

22. Booth then unilaterally fired multiple rounds of his weapon toward Davis, mortally wounding Davis.

23. Despite multiple officers being present at the scene, Officer Booth was the only officer who discharged a weapon.

24. Meanwhile, the Plaintiff, Morkiter Jones, a patron of Premier Lounge, was sitting in her vehicle waiting for her friends to leave the establishment.

25. Ms. Jones was an innocent bystander through the incident, and she did not pose a threat to Officer Booth or anyone else at any time during the subject events.

26. When Officer Booth fired upon Davis, one of Jones's friends got into her vehicle and Jones fled the scene in her vehicle to Jones' home a few blocks away.

27. Upon exiting the vehicle at her home, Jones felt sharp pains in her right hand and abdomen and realized that she had been shot.

28. One of the discharged bullets from Officer Booth's weapon penetrated the passenger side door of Ms. Jones' car, went through her hand, and into her abdomen.

29. Plaintiff suffered property damage, bodily injury, economic harm, mental and emotional distress and other damages both economic and noneconomic as a direct and proximate result of the shooting.  Plaintiff obtained reasonable and necessary medical treatment for which Plaintiff has been called upon to pay.

30. The bullet remains lodged in Ms. Jones' abdomen, upon the consultation and medical

advice of her treating physician.  Plaintiff is reasonably expected to require additional medical

treatment in the future and incur additionally economic loss, pain and suffering, and suffer

impact on her daily life.

31. A contemporary account of the incident documented by local media on the day of the

incident is attached hereto as Exhibit "B" which is fully incorporated by reference herein.

**Officer Booth's Prior Suspension:**

32. Prior to November 4, 2017, CPD knew or should have known that Officer Booth

exhibited insensitivity toward racial minorities. In fact, just prior to the subject incident, Officer

Booth had been suspended for twenty-eight (28) work days as the result of posting "memes that

were sexual in nature and racially suggestive" in violation of The City's employee social media

policy, as documented by Exhbits "C" and "D" attached hereto which are fully incorporated by

reference herein.

33. Officer Booth was returned to patrol after his suspension without additional assessment

or subsequent training to mitigate the potential danger that Officer Booth could be prone to

overuse of force and/or misjudgement based on such views.

34. Despite being placed on patrol without additional assessment or subsequent training to

mitigate the potential danger that Officer Booth could be prone to overuse of force and/or

misjudgement as a potential result of those views, Officer Booth was reassigned patrol in a

minority neighborhood, which is where he was located at the time of the subject incident.

35. Raymond Davis, the suspect upon whom Officer Booth discharged multiple rounds of

gunfire, was African-American.

36. Officer Booth was return to patrol duty without additional assessment or subsequent

training, as well as his assignment, was done pursuant to customs, practices and policies of the

City of Columbus and the CPD as authorized and/or ratified by the policymakers of The City,

specifically the Columbus City Council, The City's Mayor and The City's Chief of Police.

37. Based upon the foregoing facts, Plaintiff asserts the following causes of action before

this Honorable Court, count-by-count, as follows:

**COUNT I: EXCESSIVE USE OF FORCE**
**(Individually and in Official Capacity)**
**42 U.S.C. § 1983**

38. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they

were restated in their entirety.

39. Plaintiff would show that Defendant Booth's actions during the incident in question

were wrongful, malicious and reckless in depriving Jones of her constitutional rights, as alleged

more fully, below.

40. Plaintiff would show that at all times material hereto, Defendant Booth had a duty to

avoid infliction of unjustified bodily injury to Jones, to protect her bodily integrity and to not

trample on her constitutional rights.

41. Plaintiff would show that Defendant Booth failed to act as a reasonable officer would

have acted in the same or similar circumstances. That is, Defendant Booth, without justification

and the need to do so, used excessive and deadly force as described above and shot Jones without

legal justification. Jones was an innocent bystander who never made any threatening gestures

toward Defendant Booth and did not pose a threat to the safety of Defendant Booth or others.

42. Defendant Booth was not provoked when he fired multiple shots from from his weapon

on a public street, with multiple members of the general public present, for no lawful or

justifiable reason.

43. Defendant Booth discharged his weapon without consideration or precaution for the

safety of others on the scene.

44. Jones, an innocent bystander, was struck and injured by a bullet discharged from Booth's weapon. The excessive force used by Defendants was not reasonable, justified nor was it necessary under the circumstances.

45. Defendant Booth's actions were not objectively reasonable because he followed a procedure designed to inflict excessive and deadly force in restraining individuals in a non-life threatening situation.

46. Defendant Booth did not respond as a reasonable officer would respond in the circumstances, as evidenced by the fact that despite multiple officers being present at the time of the incident, Officer Booth was the only officer who discharged his weapon.

47. Plaintiff would show that Defendant Booth denied Jones her rights to peaceably assemble, to be free from the use of excessive force, and to not be deprived of life, liberty, or property without due process of law in violation of the First, Fifth, and/or Fourteenth Amendments to the United States Constitution.

48. The force used by Defendant Booth was unnecessary, excessive and unreasonable under the circumstances, as Jones did not pose an immediate threat to the safety of Defendant Booth or others and the use of such excessive force was unnecessary.

49. Additionally and alternatively, the force used by Defendant Booth was unnecessary, excessive and unreasonable under the circumstances, as Defendants failed to control and limit the force used so as to direct the force solely to intended suspects and not inflict said force on innocent bystanders such as Jones.

50. Defendant Booth embarked on a willful, malicious, reckless and outrageous course of conduct that caused Jones to suffer personal injury, property damage, economic damage, extreme

and severe mental and emotional distress, agony and anxiety.

51. As a result of these Constitutional violations to Jones and the injuries she sustained, Plaintiff seeks compensation as set forth more specifically in the sections of this Complaint entitled "Punitive/Exemplary Damages" and "Damages."

## COUNT II:  FAILURE TO TRAIN BY CITY OF COLUMBUS
### 42 U.S.C. § 1983

52. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

53.  Prior to November 4, 2017, CPD knew or should have known that Defendant Booth had exhibited insensitivity toward racial minorities.

54. Officer Booth had, in fact, been recently suspended without pay from his job as a police officer in response to social media posts that were"sexual in nature and racially insensitive"; however, Officer Booth was returned to the CPD force and reassigned to street duty in minority neighborhoods without any additional professional training or assessment.

55. Defendant Booth and other officers at the scene of the shooting incident were acting under color of law and acting pursuant to customs, practices and policies of the City of Columbus and the CPD in regards to the use of deadly force as authorized and/or ratified by the policymakers of The City, specifically the Columbus City Council, The City's Mayor and The City's Chief of Police.  Jones was deprived of rights and privileges secured to her by the United States Constitution and by other laws of the United States, by the City of Columbus failing to provide proper training, adequate supervision or discipline to Booth and other officers on how to apprehend a potentially armed suspect in public places when innocent bystanders are in the vicinity, in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

9

56. With respect to the claims made the basis of this lawsuit, the City of Columbus and the CPD failed to adequately train its officers on how to apprehended a potentially armed suspect in public places when innocent bystanders are in the vicinity and the subsequent use of deadly force. The failure to train its officers in a relevant respect reflects a deliberate indifference to the City of Columbus, the Columbus City Council, The City's Mayor and The City's Chief of Police to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

57. Defendant the City of Columbus under the direction of the Columbus City Council, The City's Mayor and The City's Chief of Police developed and maintained a policy of deficient training of its police force in the use of force, including the proper use of deadly force and how to apprehended a potentially armed suspect in public places when innocent bystanders are in the vicinity. The CPD's training was designed and implemented by The City's Chief of Police under the direction of the City Manager and/or the Columbus City Council, to act in this regard.

58. The Columbus City Council, The City's Mayor and The City's Chief of Police's failure to provide adequate training to its officers on how to deal with a potentially armed suspect in public places when innocent bystanders are in the vicinity and the subsequent use of deadly force reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would use excessive or deadly force on citizens and made the violations of Jones' constitutional rights, including her injury, a reasonable probability.

59. Plaintiff would show that Defendant Booth's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the city of Columbus, CPD, and The City's Chief of Police under the direction of the Columbus City Council knew or should have known but never provided the requisite and proper training.

60. On information and belief, Defendant the City of Columbus, acting through official

10

policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Jones failed to implement and/or enforce the policies, procedures; and practices necessary to provide constitutionally adequate protection of Jones during the subject incident and implemented policies, procedures, and practices which actually interfered with or prevented Jones from receiving the protection, assistance and care she deserved.

   61. For instance, the following conduct, policies, and customs, inter alia, by Defendants violated Jones' constitutional rights:

   a.   The City of Columbus and CPD's failure to adequately train, supervise or discipline its officers who commit a wrongful act or attempt to cover-up a wrongful act of a fellow officer;

   b.   City of Columbus and CPD's failure to adequately assess officers demonstrating racial insensitivity prior to placing them back on patrol and/or failure to provide such officers additional training to mitigate the potential danger of overuse of force and/or misjudgement as a result of such demonstrated racial insensitivity;

   c.   Defendants' policy on the proper use of deadly force;

   d.   Defendants' inadequate training on how to apprehend a potentially armed suspect in public places when innocent bystanders are in the vicinity;

   e.   Discharging a deadly weapon when innocent bystanders were in the vicinity;

   f.   Striking Jones with a bullet from the discharged weapon while she was seated in a vehicle;

   g.   Striking Jones with a bullet from the discharged weapon even though she posed no threat to Booth or anyone else; and/or,

11

h.  Using deadly force in a public setting, in the presence of innocent bystanders, in a manner in which the deadly force is not contained so as to avoid harm to innocent bystanders.

62. In addition, Defendant City of Columbus and CPD, as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the proper use of deadly force. In so doing, Defendant City of Columbus knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of their deliberate decisions, the very situation that occurred -- i.e., Jones' injury -- in all reasonable probability would occur.

63. The City's failure to properly train and discipline its deputies was the proximate cause of the violations of Jones' constitutional rights.

64. As a result of these Constitutional violations to Jones and the injuries she sustained, Plaintiff seeks compensation as set forth more specifically in the sections of this Complaint entitled "Punitive/Exemplary Damages" and "Damages."

**COUNT III: NEGLIGENCE AND/OR GROSS NEGLIGENCE**
**Mississippi Common Law Negligence Claim**

65. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

66. Defendants owed a duty to Plaintiff and others in the community to use ordinary care while provide policing services within the community.

67. Defendants further had a ministerial duty to provide policing services in conformity with state and federal constitutional principles as well as in conformity with any applicable specific statute(s), ordinance(s), or regulation(s) promulgated pursuant to lawful authority.

68. Defendant(s) breached these duties to the Plaintiff, because Defendant(s) failed to

12

exercise ordinary care in providing policing services at the time of the subject incident and in conforming with one or more specific statute(s), ordinance(s), or regulation(s) applicable to the circumstances when Plaintiff was injured.

69. The subject shooting, and the injuries and damages of Plaintiff, occurred as a direct and proximate result of the negligent acts of the Defendant(s), and the Defendant(s) is/are liable for the damages Plaintiff sustained.

70. Plaintiff asserts that Defendant acted in a negligent manner with reckless disregard for the safety of other citizens, including Plaintiff. Plaintiff further asserts the Defendant's actions and/or omissions evidence such reckless disregard for the rights of the Plaintiff and others as to entitle Plaintiff to recover punitive damages from the Defendant(s) in an amount to be determined at trial.

71. The actions and/or omissions on the part of Defendant constituting negligence was performed with such gross recklessness as to equate to gross negligence and were performed with a reckless disregard for the rights and safety of the Plaintiff and others as to shock the conscious of this Court and justify the imposition of punitive damages in addition to actual damages.

72. As a direct and proximate result of Defendant's breach of duty to Plaintiff, Plaintiff received injuries and suffered damages for which she is entitled to recover.

73. Plaintiff seeks compensatory damages in an amount within the jurisdictional limits of this court, as set forth more specifically in the sections of this Complaint entitled "Punitive/Exemplary Damages" and "Damages."

**COUNT IV: FAILURE TO ADEQUATELY SUPERVISE**
**OR DISCIPLINE AND RATIFICATION CLAIM**
**Mississippi Common Law and 42 U.S.C. § 1983 Claim**

74. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

75. On Plaintiff's governmental liability claim against the City of Columbus for failing to supervise or discipline its officers for prior violations and the resulting lack of supervision:

    a. The City of Columbus failed to adequately supervise and/or discipline its employees in handling usual and recurring situations with which they deal;

    b. The City of Columbus was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately; and,

    c. The failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Jones' constitutional rights.

76. As a direct and proximate result of the failure of the City of Columbus to adequately supervise or discipline its officers, Plaintiff has suffered damages.

77. Plaintiff seeks compensatory damages in an amount within the jurisdictional limits of this court, as set forth more specifically in the sections of this Complaint entitled "Punitive/Exemplary Damages" and "Damages."

## TRIAL BY JURY DEMANDED

78. Plaintiff requests a trial by jury in this cause of action.

## PUNITIVE/EXEMPLARY DAMAGES

79. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety. Additionally and alternatively, the conduct of Defendant Booth was done with such a wilfull, wanton or reckless disregard for the safety of others as to justify an award of punitive/exemplary damages to deter this kind of conduct in the future. In the alternative, such heedless and reckless disregard of Jones' rights, safety and

14

welfare is more than momentary thoughtlessness, inadvertance or misjudgment.  Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages be awarded against Defendant Booth in a sum which is within the jurisdictional limits of this court.

## DAMAGES

80. Plaintiff hereby incorporates and re-alleges all of the preceding paragraphs as if they were set forth more fully herein in their entirety.

81. Defendants' acts and/or omissions were a proximate cause of injuries suffered by Plaintiff, and Plaintiff accordingly seeks the following damages allowed under the law:

   a. Actual economic damages including loss of wages and medical bills;

   b. Pain and suffering, mental anguish, and emotional distress;

   c. Loss of quality of life;

   d. Reasonably anticipated future actual economic damages including loss of wages and medical bills;

   e. Reasonably anticipated future pain and suffering, mental anguish, and emotional distress;

   f. Reasonably anticipated future loass of quality of life;

   g. Examplary and punitive damages as well as costs of court;

   h. Pursuant to 42 U.S.C. § 1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

   i. Prejudgment interest; and,

   j. Post judgment interest.

15

82. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of this court.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Morkiter Jones, seeks and demands judgment against the Defendants, Jared Booth, City of Columbus, Mississippi, more particularly Columbus Police Department, and Unkown Defendants A-Z in an amount to be determined at the trial of this cause of action, and Plaintiff respectfully requests a trial by jury in this cause of action. Plaintiff prays for any and all other relief, whether general or specific, which this Honorable Court deems proper.

Respectfully submitted, this the 3rd day of November 2018.

**MORKITER JONES, PLAINTIFF**

BY: **/s/ Brad Morris**
**BRAD MORRIS (MS Bar #104017)**
*Attorney for Plaintiff*

OF COUNSEL:

BRAD MORRIS (MSBN: 104017)
Email: brad@bradmorrislawfirm.com

BRAD MORRIS LAW FIRM PLLC
POST OFFICE BOX 2136
OXFORD, MISSISSIPPI 38655
TELEPHONE: 662-701-0909
FACSIMILE: 1-888-636-8701